UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MANNY FILM LLC,

    Plaintiff,

vs.                                              Case No.: 8:15-CV-496-T-35MAP

JOHN DOE subscriber assigned to IP address
73.5.206.12,

    Defendant.
_____/

## **MOTION TO QUASH**

COMES NOW, Defendant, John Doe, by and through his undersigned attorney, pursuant to Florida Rules of Civil Procedure 45 and Florida Rules of Civil Procedure 1.410, and files this Motion to Quash the subpoena issued by the Plaintiff to Comcast Cable Holdings, LLC, and in support thereof states:

1. BIT Torrent cases brought by film companies is designed merely to intimidate innocent subscribers and force them to settle – regardless of fault or liability – simply to avoid a public accusation that they downloaded.

2. This intentional scheme is set to intimidate innocent subscribers into settling groundless claims is an abuse of process. See, *e.g., Ladd v. Polidoro*, 424 Mass. 196, 675 N.E.2d 382 (1997).

3. The Plaintiff has not shown that this Court has In Personam Jurisdiction over John Doe named in the above-captioned action.

4. *Plaintiff's goal is not to identify the illegal downloaders, but rather scare the subscribers, regardless of liability, into paying quick money and preventing disclosure of their identities to the Plaintiff. This purpose along with the Plaintiff's use of expedited discovery to achieve a security, exorbitant result, rather than the legitimate goal of learning the true identify of the downloaders is "unreasonable and oppressive, and a standard now incorporated into the current requirement that a subpoena must be quashed if it "subjects a person to undue burden." Fed. R. Civ. P 45(c)(3)(A)(iv).*[1]

5. Plaintiff has subpoenaed records from Comcast Cable Holdings, LLC, indicating that the assigned internet protocol address has been used through Comcast and that John Doe has allegedly infringed copyright on the internet by uploading or downloading film product without prior permission.

6. This alleged improper action was allegedly done using a device assigned an IP address on December 28, 2014, at 3:53:38 a.m.

7. The Court Ordered Comcast to supply the name, address, and other information to Manny Film, LLC, as evidenced by the attached Subpoena.

8. Although an IP locator may identify that the specific Defendant is possibly within the Tampa Area, it has been held that such IP locators are not 100% accurate and that there must be a showing that the Defendant, at his specific address, is a citizen and resident of the division.

9. The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.

---

[1] The phrase "undue burden" in Rule 45(c)(3)(A)(iv) replaced the traditional language of "unreasonable and oppressive," but was merely semantic, and was not intended to change existing law. *Quashing or Modifying a Subpoena*, 9A Fed. Prac. & Proc. Civ. § 2463.1 (3d ed.).

WHEREFORE, the Defendant, John Doe, hereby respectfully moves this Court to quash the subpoena issued by the Plaintiff to Comcast Cable Holdings, LLC, in regards to John Doe and any and all relief this Court deems just and equitable.

Respectfully submitted this 5th day of May, 2015.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via electronic mail to: DAVID F. TAMAROFF, Tamaroff & Tamaroff, P.A. (david@tamorofflaw.com; dan@tamorofflaw.com; admin@tamarofflaw.com), on this 5th day of May, 2015.

**MORRIS & HANCOCK, P.A.**
Attorney for Defendant
2014 E. Robinson Street
Orlando, FL 32803
Telephone: 407-894-0853
Facsimile:  407-835-6613


By: /s/ Christopher Hancock
☒ CHRISTOPHER P. HANCOCK
   Florida Bar Number 0085033
Designated Service Address:
Office@morrishancock.com

Cc: *John Doe*